UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:04CV154-EHJ

RICHARD W. HODGE                                                             PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                        DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon plaintiff Richard Hodge's objections to the proposed Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed Findings of Fact, Conclusions of Law, and Recommendation of the magistrate should be adopted, and the Decision of the Commissioner should be affirmed.

Mr. Hodge filed an application for disability benefits on November 28, 2002, alleging that he became disabled on January 20, 2002 as a result of right shoulder problems and diabetes. After a hearing on May 10, 2004, Administrative Law Judge Michael J. Nichols ("ALJ") found that Mr. Hodge has severe impairments of a frozen right shoulder and insulin dependent diabetes mellitus. Though the ALJ found these impairments to be severe, he noted that they do not meet or medically equal listed impairments (Tr. 16). He cannot return to his prior relevant work, but has the residual functional capacity to perform a significant range of sedentary work (Tr. 21).

Plaintiff has filed objections to the magistrate's report, arguing that 1) the ALJ erred by not making specific findings regarding plaintiff's allegations of depression and anxiety; 2) the ALJ erred in his credibility findings; 3) and the ALJ made erroneous findings based upon the vocational expert

testimony offered during the hearing.

The Court has reviewed the medical evidence of record, and finds only passing references to depression and anxiety. These few references are not sufficient bases upon which the ALJ could have made findings. There is simply not sufficient information contained within the record to determine whether these complaints are medically determinable impairments that would meet the duration and severity requirements. Furthermore, as noted by the magistrate, the plaintiff did not indicate that depression and anxiety were disabling complaints, only noting difficulties with his diabetes and shoulder problems. Accordingly, plaintiff's argument fails.

Next the plaintiff finds fault with the ALJ's credibility findings. A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant is invaluable and should not be discarded lightly, Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

In this case, the ALJ properly considered the claimant's level of daily activities, as well as the objective medical evidence to determine whether or not the plaintiff's subjective complaints of pain were supported in the record. The ALJ also properly noted that the records do not indicate plaintiff is currently take prescription pain medications, and they do not reflect plaintiff's complaints regarding numbness in his legs after prolonged sitting. The ALJ recognized that plaintiff likely suffers some pain and limitations, but that the degree of plaintiff's subjective allegations are not

supported by the record.  Accordingly, this Court will give deference to the credibility findings of the ALJ, as he was in the best position to observe the plaintiff's demeanor.

Finally, the plaintiff disagrees with the findings made by the ALJ based upon the vocational expert testimony offered at the hearing.  This Court's review of the controlling hypothetical reveals a series of limitations that are consistent with the evidence of record and are clearly supported by substantial evidence.  There is no error in the ALJ's residual functional capacity findings, or the subsequent finding that there were significant numbers of jobs that the plaintiff could perform.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by plaintiff's objection, the Court finds no misapplication of the law.  The magistrate's analysis of the issues and application of the law are appropriate, and his recommendations are adopted.

A judgment in conformity has this day entered.